UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT G. F. SHIELDS,

   Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

   Defendant.

NO. CV-11-240-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13 and Defendant's Motion for Summary Judgment, ECF No. 18. The motions were heard without oral argument. Plaintiff is represented by Rebecca M. Coufal. Defendant[1] is represented by Pamela De Rusha and Debra Meachum.

**I. Jurisdiction**

On June 21, 2007, Plaintiff Robert Shields filed an application for disability insurance under Title II of the Social Security Act, and on September 28, 2008, filed an application for Supplemental Social Security Income (SSI) under Title XVI. Plaintiff alleged he had been disabled since November 2, 2002. However, at

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

the hearing, Plaintiff amended his onset date to November 1, 2005.

His application was denied initially on July 4, 2007, and again denied on reconsideration on June 18, 2008. A timely request for a hearing was made. On May 3, 2010, Plaintiff appeared in Olympia, Washington by video conference before Administrative Law Judge (ALJ) Greg G. Kenyon, who was located in Houston, Texas. Wallace A. Stanfill, vocational expert, also participated. Plaintiff was represented by attorney Jeanette Laffoon.

The ALJ rendered an unfavorable decision for the Plaintiff on May 25, 2010. The ALJ found that Plaintiff was not disabled at any time from the date the application was filed through the date of decision. Plaintiff timely requested review by the Appeals Council, which was denied April 29, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed an appeal with the U.S. District Court for the Eastern District of Washington on June 28, 2011. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4),

416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**III.  Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). When a Title II claimant's period of eligibility for disability benefits expires on a specific date, as here, it is the claimant's burden to prove he was either permanently disabled or subject to a

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

condition that became so severe as to disable him prior to that date. *Armstrong v. Comm'r of the Soc. Sec. Admin.,* 160 F.3d 587, 589 (9th Cir.1998).

## IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision, and only will be summarized here.

At the time of the hearing, Plaintiff was forty-eight. He graduated from high school but reports he was in special education classes. He is functionally illiterate. Plaintiff completed a one-year motorcycle maintenance course at the community college, but it took him two years to complete it. He received tutoring and the Institute for the Blind provided books on tape. Plaintiff also reported that all of his tests were given orally. Testing shows that Plaintiff reads at a first or second grade level.

His relevant past work experience is driving trucks. Plaintiff was a member of the Teamsters. He worked in Iraq as a truck driver for a civilian contractor. In 2005, Plaintiff injured his left knee. Plaintiff has not had substantial gainful employment since returning from Iraq.

At the time of the hearing, Plaintiff lived with his mother, who has since passed away. He has one or two drinks a week, and does not use drugs. He takes Aleve for pain. He smokes an occasional cigar. Plaintiff has no children and was married once. He has had some run-ins with law enforcement. He has spent 30 days in jail in 1983 for a driving offense. He does not require assistance for personal care, cooking, shopping, laundry or driving. He rides his motorcycle occasionally with the average trip being 40 to 50 miles. He also tries to exercise by walking, doing sit-ups and stretching. He estimates he could stand or walk for about 15-20 minutes with a cane, and could sit for a half an hour to an hour.

Plaintiff asserts that left knee and low back pain, mental issues, obesity, and diabetes prevent him from holding a full time employment. He states he gets frustrated easily, and referred to an incident where he got into a physical

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

altercation with his boss.

## V. The ALJ's findings

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2008.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged date of disability, November 1, 2005. (Tr. 15.)

At step two, the ALJ found Plaintiff had severe impairments: degenerative joint disease of the left knee, mild to moderate degenerative disc disease, probable mild carpal tunnel syndrome, obesity, adjustment disorder NOS, personality disorder, and a learning disorder resulting in functional illiteracy. (Tr. 15.)

At step three, the ALJ found that Plaintiff's impairments, or combinations of impairments, did not meet or equaled the impairments listed in Appendix 1. 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 15-16.) The ALJ indicated that he considered Plaintiff's obesity in determining the residual functional capacity. (Tr. 16.) He concluded that Plaintiff's mental impairments do not meet or medically equal the criteria of listings 12.02, 12.04, 12.08, and 12.09. (Tr. 16.)

The ALJ found that Plaintiff had the Residual Functional Capacity (RFC) to perform light work. (Tr. 17.) Additional limitations include: the need to sit and stand at will; no crawling, crouching or kneeling; occasional stooping, balancing and climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; no work around hazards; no frequent use of hands for handling or fingering; limited to unskilled, simple, repetitive tasks; occasional contact with coworkers and supervisors; and no contact with the general public. (Tr. 17.)

At step four, the ALJ found Plaintiff unable to do past relevant work as a truck driver, which was medium level and semiskilled. (Tr. 19.)

At step five, the ALJ found there were jobs in the national economy that Plaintiff could do, considering his age, education, work experience, and residual

functional capacity. (Tr. 19-20.) Specifically, the ALJ found Plaintiff could perform the work of an office cleaner, electronics worker, and small products assembler. (Tr. 20.) The ALJ used the testimony of a vocational expert in making the decision. (Tr. 20.)

**VI.    Issues for Review**

Plaintiff presents the following issues with respect to the ALJ's findings:

1) the ALJ erred in not finding severe impairments of: diabetes, cognitive disorder, and personality disorder NOS;

2) the ALJ erred in improperly rejecting the opinions of Plaintiff's providers;

3) the ALJ erred in not fully developing the record;

4) the ALJ erred in finding Plaintiff not credible.

**VII.    Discussion**

Plaintiff argues the ALJ ignored evidence of Plaintiff's diabetes and failed to consider how this might impact his work abilities. He also argues the ALJ ignored findings of his cognitive disorder and his personality disorder, and dismissed the findings without the assistance of a medical expert. Plaintiff maintains that without the input of a ME, it is impossible for the ALJ to determine the extent the impairments add to his work limitations.

To find a severe impairment or combination of severe impairments, an impairment must significantly limit the ability, physically or mentally, to do basic work activities. 20 C.F.R. §404.1520©.

Plaintiff was not diagnosed with diabetes until February 19, 2010 (Tr. 234, 313-314.) His last date insured was September 30, 2008. Medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of a pre-expiration condition. *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). Plaintiff is not arguing, however, that he had a pre-existing condition of diabetes. Rather, he faults the ALJ with failing to consider the effect of his

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

diabetes on his ability to work. He cannot rely on his diabetes to establish he was disabled between November 1, 2005 and September 30, 2008 because there is nothing in the record that establishes he had diabetes during this time.

Plaintiff argues the ALJ failed to adequately develop the record when he failed to consult a medical expert. The ALJ has a special duty to fully and fairly develop the record. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). A specific provision of the Commissioner's Hearings, Appeals, and Litigation manual ("HALLEX") gives the ALJ discretion in deciding whether ME testimony is necessary, except in three situations where the use of a ME is mandatory: (1) the Appeals Council or a court so orders; (2) to evaluate and interpret background medical test data; and (3) when determining whether an impairment medically equals a listing.[2] HALLEX, § I-2-5-34, 1994 WL 637370. None of these circumstances apply to this case. Here, the ALJ did not abuse its discretion in not consulting a medical expert. The record is well-developed. The ALJ discussed all of the pertinent evidence in the record, and incorporated the limitations in the residual functional capacity.

Dr. Regets set forth a functional capacity assessment that specifically referred to Plaintiff's learning and cognitive disorders NOS, adjustment disorders NOS and personality disorders with borderline & narcissistic features NOS. (Tr. 288.) Dr. Regets found that despite Plaintiff's impairments, he could understand, remember and perform simple repetitive tasks on a sustained basis, but not more detailed tasks, as evidenced by his prior work history, and that he would do best learning hands-on tasks. (Tr. 228.) He should have superficial contact with few coworkers, supervisors, and general public. (Tr. 288.) Although Plaintiff reported past difficulties with supervisors and authority figures (police officers), Dr. Regets

---

[2]HALLEX is a purely internal manual, is not binding, and as such, has no legal force. *See Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

noted that he managed to obtain and maintain employment and interpersonal relationships in the past. (Tr. 288.) The RFC reflects Plaintiff's moderate limitations to ability to understand and remember detailed instructions, carry out detailed instructions, and sustain an ordinary routine without special supervision, as well as moderate limitations in interacting with the general public, and accepting instructions and responding appropriately to criticism from supervisors. The ALJ considered the mental evaluations, including Plaintiff's learning and cognitive disorders, and personality disorder, and incorporated these limitations into the RFC.  Thus, there was no error that warrants remand. *See Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

With respect to limitations caused by Plaintiff's left knee, Plaintiff saw Dr. King in November, 2005. (Tr. 218-19.)  Dr. King reviewed an MRI scan. (Tr. 215.) He diagnosed patellofemoral chondromalacia and strain of the medial patellofemoral ligament and recommended a steroid injection and physical therapy. (Tr. 215.) At a return visit in December, 2005, Plaintiff reported he experienced near complete resolution of his pain with patellofemoral taping, therapy and his injection, and he was doing quite well with no complaints. (Tr. 214.)

Over two years later, on May 23, 2008, Dr. Marie Ho, M.D. completed a physical consultative exam. She noted that Plaintiff walked with a limp. Plaintiff reported using a cane on bad days, but he did not bring it to the examination. Dr. Ho observed that the left knee is deformed and turned outward compared to the right knee. (Tr. 295.) She also observed slight swelling of the left knee. (Tr. 294.). She limited Plaintiff's activities to standing and walking to at least two hours in an eight-hour workday due to limitations of the left knee, sit cumulatively up to six hours in an eight-hour workday, lifting and carrying is limited to 10 pounds occasionally and less than 10 pounds frequently due to limitations of the knee. (Tr.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

296.) Postural limitations including kneeling, crouching, and squatting (Tr. 296.)

On June 17, 2008, Dr. Turner completed a Physical RFC Assessment, finding that Plaintiff's impairments would not preclude work activities, but concluded that Plaintiff was limited to sedentary work activities. (Tr. 298-305.) He concluded that Plaintiff could occasionally lift and/or carry 10 pounds, and frequently lift and/or carry 10 pounds, stand and/or walk for a total of at least 2 hours, and sit for a total of about 6 hours in an 8 hour workday. (Tr. 299.)

A year later, on July 8, 2009, Dr. Zechmann saw Plaintiff and reviewed a recent MRI and x-rays of both knees (Tr. 318.) Dr. Zechmann concluded there were no significant abnormalities in his bilateral knees, and also noted that no objective findings were present that would warrant any type of disability classification. (Tr. 318-19.)

The ALJ gave greater weight to Dr. Zechmann's conclusions and less weight to the other opinions in the record because these opinions did not have the benefit of the MRI. This was proper. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). The ALJ also noted that prior medical records were based on subjective complaints, with little objective evidence to substantiate Plaintiff's allegations. (Tr. 19.) The ALJ did not err in giving significant weight to Dr. Zechmann's opinion.

Plaintiff asserts the ALJ improperly discredited Plaintiff's testimony. Here, the ALJ properly engaged in the two step process to evaluate Plaintiff's testimony regarding subjective pain.[3] He found that while Plaintiff's medically

---

[3] In order to find a claimant's testimony regarding severity of his impairments unreliable, the ALJ must make "a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

determinable impairment could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment. (Tr. 18.)

     An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990). When there is no evidence of malingering, the ALJ must give "'specific, clear and convincing reasons'" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted); *accord Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).[4] If the ALJ's

---

discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). (citation omitted). In doing so, the Court engages in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Once a "claimant meets this first test, and there is not evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering clear and convincing reasons for doing so." *Id.*

  [4]Defendant argues the Court need only determine whether the ALJ properly made "specific," cogent findings, supported in the record, for rejecting a claimant's subjective symptom testimony, rather than "clear and convincing evidence." Indeed, some cases have held that, at a minimum, an ALJ must make specific, cogent findings, supported in the record, to reject a claimant's subjective symptom testimony. *See, e.g., Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010); *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990); *see also* Social

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529© and 416.929© describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

    1. The individual's daily activities;

    2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

    3. Factors that precipitate and aggravate the symptoms;

    4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

    5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

    6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

    7. Any other factors concerning the individual's functional limitations and

---

Security Ruling.("SSR") 96–7p ("When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements"). The majority of cases apply the clear and convincing standard. Out of an abundance of caution, this Court shall apply the arguably more rigorous "clear and convincing" standard.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

restrictions due to pain or other symptoms.
SSR 96-7P, 1996 WL 374186.

Here, the ALJ did not commit legal error in his consideration of Plaintiff's testimony and did not err in not crediting Plaintiff's reports of his limitations caused by his impairments. Moreover, the ALJ provided specific findings and stated clear and convincing reasons in finding Plaintiff's testimony regarding his limitations not credible. Notably, the ALJ relied on Dr. Zechmann's findings that Plaintiff does not have significant knee problems, which is in direct contrast to Plaintiff's claim that he is unable to work because of his left knee. Also, the ALJ noted there was no demonstrated need for the cane that Plaintiff was using at the hearing. Also, nothing in the record established Plaintiff's carpel tunnel syndrome. The ALJ noted Plaintiff's daily activities including driving a car, driving a motorcycle, grocery shopping, cooking, personal care, tinkering in his garage, and exercising.[5] Here, substantial evidence supports the ALJ's credibility

---

[5] Although Defendant provided a detailed analysis of Plaintiff's inconsistencies surrounding his knee injuries, the ALJ did not set forth these inconsistencies in finding Plaintiff not credible. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (noting that courts will review only the reasons provided by the ALJ in the disability determination and will not affirm the ALJ on a ground upon which he did not rely). The various circumstances in the record as explained by Plaintiff include:

1. Injured it in Iraq while climbing out of his truck, hitting his left knee and twisting it (Dr. King, Tr. 219).

2. Injured it in Iraq after he jumped out of his truck, which was filled with fuel, was taken out after being hit by an IED (Dr. van Dam, Tr. 265-66).

3. Injured it in Iraq when he was being shot at as he was stepping out of the truck (Dr. Ho, Tr. 291). Obtained MRI and minor surgery while in Iraq to stabilize

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13

determination.

Plaintiff has not met his burden of showing the ALJ committed legal error, or that his conclusion that Plaintiff was not disabled from November 1, 2005 to September 30, 2008, was not supported by substantial evidence. The ALJ properly found that Plaintiff was capable of performing light level work, with some restrictions and properly found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely office cleaner, electronics worker, and small products assembler.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No.13, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No.18, is **GRANTED**.

3. The decision of the ALJ is **affirmed**. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 30th day of July, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

---

the knee.

4. Injured left knee in motorcycle accident (Dr. Green, Tr. 327).

5. Injured knee by hyper-extending it when he jumped from a burning truck with a hundred pounds of body armor (Dr. Zechmann, Tr. 317).

6. Injured knee when it was caught between a door on a truck. (Testimony at hearing)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14